IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>BLAND FARMS PRODUCTION &<br>PACKING, LLC, and<br>DELBERT BLAND, an individual,<br><br>Defendants. | CASE NO. 6:14-CV-053-BAE-GRS |

## JOINT STATUS REPORT

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff"), and Defendants Bland Farms Production & Packing, LLC ("BFPP") and Delbert Bland ("Mr. Bland") (Plaintiff, BFPP and Mr. Bland collectively are referred to as the "Parties), submit their Joint Status Report as follows:

**1.   The date and place of the conference of trial counsel, the duration thereof, and the names and addresses of counsel participating.**

The Parties held their Joint Status Conference at the offices of Plaintiff's counsel, U.S. Department of Labor, 61 Forsyth Street, S.W., Atlanta, Georgia, on January 12, 2015, for approximately 45 minutes.

Participating for Plaintiff:        Robert L. Walter, Kristin R. Murphy,

                              Shelly C. Anand, and Jean Abreu
Office of the Solicitor, U.S. Department of Labor
61 Forsyth Street, Suite 7T10
Atlanta, Georgia 30303

Participating for Defendants:  Bradley E. Strawn and Brandon Dhande
Littler Mendelson, P.C.
3344 Peachtree Road, N.E., Suite 1500
Atlanta, GA 30326

**2.    A summary of the pleadings of each party.**

<u>For the Plaintiff:</u> Plaintiff filed the Complaint on May 30, 2014.

<u>For the Defendants:</u> The Defendants filed their Answers and Defenses on August 4, 2014.

The parties jointly filed a Rule 26(f) Report on September 4, 2014.

**3.    A statement of any disagreement as to the jurisdiction and venue of the Court, including citations of applicable authorities in support of each side's contentions.**

There is no disagreement as to jurisdiction or venue.

**4.    The status of matters which are presently set before the Court, e.g., hearings, motions, trial date, etc.**

Currently no motions are pending and no hearings are scheduled. The parties are discussing the possibility of filing a consent motion for a protective order to protect the confidentiality of private and confidential business and personal information. No trial date has been set.

**5.    The status of discovery. If discovery has not been completed, then the report shall set forth a detailed and precise time schedule for the full completion thereof. Counsel should be advised that the Local Rules will be**

2

**strictly adhered to, requests for extensions should be avoided, and all discovery completed during the time allotted.**

Discovery is scheduled to close on April 1, 2015. The Parties have served their Fed. R. Civ. P. 26(a) Initial Disclosures. On November 24, 2014, BFPP served its first interrogatories, first requests for production of documents, and first requests for admission on Plaintiff. Plaintiff has served his responses to BFPP's first interrogatories, first requests for production of documents, and first requests for admission.

On January 5, 2015, Plaintiff served his first interrogatories, first requests for production of documents, and first request for admissions on Defendants. Defendants' responses are due on February 9, 2015.

The Parties intend to depose relevant witnesses during February and March, in an effort to complete all necessary depositions by April 1, 2015.

**6.    The names of any parties who should be joined or added, together with a detailed statement of reasons therefor.**

None.

**7.    The contentions of fact of each party in detail. Do not argue your case, simply tell the Court what the facts are as seen by each side.**

Plaintiff: Plaintiff contends that Defendants violated Section 207 of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 207(a)(1), by failing to pay employees working in Defendants' packing shed overtime compensation for all hours worked in excess of 40 hours in a single workweek since August 3, 2011.

3

According to Plaintiff's investigation, many packing shed employees worked well over 40 hours per week but did not receive overtime compensation as required by Section 207. Plaintiff identified 460 individuals who are owed back wages. These individuals, along with the back wages owed to them, are listed in Appendix A of Plaintiff's Complaint.

Plaintiff's investigation concluded that Defendants were not farmers of the onions packed in the packing shed and were therefore not eligible for the Agricultural Exemption found at 29 U.S.C. § 213(b)(13). Plaintiff's investigation also found Defendants violated the minimum wage requirement under 29 U.S.C. 206 (a) by impermissibly deducting a business expense from employee pay, resulting in a shortfall below the applicable minimum wage.

Defendants: Defendants contend that Mr. Bland was not the employer of the packing shed workers on whose behalf Plaintiff asserts claims, and he did not set the work schedules or compensation amounts for the workers and he did not make the decision as to whether or not they were paid overtime. Rather, BFPP was their employer through its relationship with Phaye, Inc. d/b/a Unique Business Solutions, which directly employed the packing shed workers at issue.

The workers in the packing shed were paid at least minimum wage for all hours worked. During periods of time when workers in the packing shed were packing non-Vidalia onions from foreign growers, BFPP compensated workers for

hours worked in excess of 40 hours per week at rate not less than one and one-half times the regular rates at which they were employed. The Vidalia onion packing season runs from approximately mid-April through July. The vast majority of Vidalia onions packed in BFPP's packing shed were grown by Defendants on land owned or leased by Defendants. During periods of time when workers in the packing shed were packing Vidalia onions grown by Defendants on land owned or leased by Defendants, they were paid at the regular rate of pay for hours worked in excess of 40 hours in a week consistent with the agriculture exemption to overtime. Even where Vidalia onions were grown on land not owned or leased by BFPP, that land was devoted to and for the sole use of Defendants' crop and Defendants' involvement in the growing and harvesting of the onions was sufficiently extensive and integrated with the other growers who owned or leased the land that such farming operations are considered to be the farming operations of Defendants and, thus, the secondary agriculture exemption still applies to the packing shed workers handling such onions.

Defendants maintain that at all times they acted in good faith to comply with the FLSA and had reasonable grounds for believing that they were in compliance with the FLSA.

**8.   A summary of disputed facts.**

Defendants have denied, in whole or in part, the factual allegations contained in paragraphs II, III, IV and V of the Complaint. *See* Answer and Defenses, Docket No. 1. More specifically, the Parties dispute whether Defendants' activities in relation to the onions packed in the packing shed but grown on property not owned or leased by Defendants qualify Defendants as farmers of those onions such that workers packing those onions would be engaged in agriculture by a farmer within the meaning of 29 U.S.C. § 213(b)(13). The Parties further dispute whether the packing shed workers handled, during each week of the Vidalia season, Vidalia onions that were grown on land not owned or leased by Defendants. In addition, the Parties dispute whether deductions for uniforms or other business expenses were made that took workers below the required minimum wage of $7.25 per hour, including specifically disputing whether Jose F. Gonzales was paid less than minimum wage during the relevant statutory period beginning May 29, 2012. Moreover, the Parties dispute whether Mr. Bland was involved in the day-to-day activities of the packing shed workers, set the work schedules or compensation amounts for the workers, or made the decisions as to whether or not they were paid overtime during the Vidalia season during the relevant periods. Finally, the Parties dispute the amount of alleged damages, if any.

9. **A summary of disputed legal issues.**

The Parties dispute: whether Mr. Bland should be considered an employer of the packing shed workers under the FLSA; whether the agriculture exemption to the FLSA's overtime requirement applied to workers in the packing shed during the Vidalia onion seasons dating back to May 29, 2012; and whether Defendants had a good faith basis as defined by 29 U.S.C. § 260 for believing that the packing shed workers were compensated in compliance with the FLSA.

10. **Any proposed amendments to the pleadings and a brief statement of their necessity.**

The Parties are discussing whether any of the allegations at issue fall outside the applicable Statute of Limitations and whether pleadings should be amended accordingly.

11. **A statement of any law and motion matters contemplated. If the Court on any prior occasion has indicated it would decide matters at pre-trial, a brief summary of those matters and the position of each party with respect thereto should be included.**

The Parties are discussing the possible filing of a consent motion for the entry of a protective order to protect against the disclosure of confidential information.

12. **If either party has any request for the trial of certain issues first, or bifurcation for possibly shortening the trial, this should be included.**

The Parties are discussing the possibility of bifurcating the trial to first determine liability issues regarding the application of the agriculture exemption

7

and Mr. Bland's status as an employer of the packing shed workers, and then, if necessary, try the damages issues. The Parties also state that they will attempt to resolve and stipulate to as many potential damages issues as possible prior to trial, in order to minimize to the extent possible the need for a presentation of evidence on damages issues.

**13.   If the case involves a class action governed by FRCP 23, state the areas and grounds for all disputes which exist as to certification by the Court as a class action under Rules 23(a) and (b).**

The case does not involve a class action under Fed. R. Civ. P. 23.

**14.   An estimate of the number of trial days required. Where counsel cannot agree, then each party shall provide an estimate.**

The parties anticipate trial will last 4-5 days.

**15.   A statement whether the case is a jury or non-jury trial.**

This case is a non-jury trial.

**16.   At the status conference, the Court will expect a serious discussion regarding settlement. The status report is to set forth the following:**

    **1. The <u>realistic</u> demand of the Plaintiff(s).**

The Parties discussed at length a possible settlement in the Joint Status Conference. Plaintiff is committed to compliance with the FLSA. Any settlement in this matter should include assurances of current and future compliance with the overtime and minimum wage requirements of the FLSA. Additionally, those workers who were not compensated in accordance with Sections 206 and 207 of

8

the FLSA should be compensated to account for any shortfall between the wages paid and Defendants' legal responsibility under the FLSA.

### 2. The <u>realistic</u> offer of the Defendant.

The Parties discussed at length a possible settlement in the Joint Status Conference. However, Defendant submits that it is premature to make a settlement offer at this time given that no depositions have yet been taken, including of relevant third parties, and the Parties have a significant disagreement over the threshold issue of whether Defendants' activities warrant application of the FLSA's agriculture exemption to the packing shed workers, the determination of which impacts the business operations of Defendants going forward.

### 3. The specific aspects of the case which are inhibiting settlement, e.g., outstanding discovery, pending motions, etc.

The Parties agree that it is premature to exchange meaningful settlement demands and offers at this time given that no depositions have yet been taken and the Parties have a significant disagreement over the threshold issue of whether Defendants' activities warrant application of the FLSA's agriculture exemption to the packing shed workers, the determination of which impacts the business operations of Defendants going forward. The Parties' disagreement about the necessity and breadth of a consent decree in resolving this case is a current obstacle to settlement.

### 4. The <u>realistic</u> likelihood that negotiations will continue.

The Parties have agreed to continue discussions regarding a possible settlement.

Submitted this 15th day of January, 2015.

/s/ Kristin R. Murphy
Kristin R. Murphy
Georgia Bar No. 318556
Shelly C. Anand
Georgia Bar No. 222839
Jean C. Abreu
Georgia Bar No. 575723
Robert L. Walter
Georgia Bar No. 735410
Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303
(404) 302-5471
Fax:  (404) 302-5438
Email:  murphy.kristin.r@dol.com
Email:  abreu.jean.c@dol.gov
Email:  anand.shelly.c@dol.gov
Email:  walter.robert@dol.gov

Attorneys for Plaintiff

/s/ Bradley E. Strawn
Bradley E. Strawn
Georgia Bar No. 004419
Brandon V. Dhande
Georgia Bar No. 413233
Littler Mendelson, P.C.
3344 Peachtree Road, N.E., Suite 1500
Atlanta, GA 30326-4803
(404) 233-0330
Fax: (404) 233-2361
Email: bstrawn@littler.com
Email: bdhande@littler.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2015, I electronically filed the JOINT STATUS REPORT with the Southern District of Georgia Clerk of Court using the CM/ECF system and were served by mailing a true copy thereof, by electronic mail to:

>Bradley E. Strawn
>bstrawn@littler.com
>
>Brandon V. Dhande
>bdhande@littler.com

By: /s/ Kristin R. Murphy<br>Kristin R. Murphy, Esq.

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W., Suite 7T10
Atlanta, GA  30303
(404) 302-5435
(404) 302-5438 (FAX)
murphy.kristin.r@dol.gov