IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2019 NOV 21 PM 2: 44

CLERK M. akins
SO. DIST. OF GA.

R. ALEXANDER ACOSTA,　　　*
Secretary of Labor, United　*
States Department of Labor,　*
　　　　　　　　　　　　　　　*
　　　　Plaintiff,　　　　　　*
　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　*　　　　　CV 614-053
　　　　　　　　　　　　　　　*
BLAND FARMS PRODUCTION &　　 *
PACKAGING, LLC,　　　　　　　*
　　　　　　　　　　　　　　　*
　　　　Defendant.　　　　　　*

O R D E R
_____

In this case, Plaintiff, the United States Department of Labor
("DOL"), sued Bland Farms, alleging that Bland Farms was not paying
its packing-shed workers overtime wages in violation of the Fair
Labor Standards Act ("FLSA"). This Court conducted a bench trial in
February of 2017, finding that the packing-shed workers did not
qualify as exempt employees and were therefore owed overtime wages
for the 2012 through 2017 seasons. This Court also found that
although Bland Farms reasonably relied on the DOL's 1985 guidance
regarding overtime payments, once the DOL filed suit Bland Farms
could no longer rely on the DOL's prior advice. This Court therefore
awarded liquidated damages pursuant to 29 U.S.C. § 216(b) in an amount
representing the time after the DOL sued during which the workers
were not paid overtime. Bland Farms appealed and the United States
Court of Appeals for the Eleventh Circuit affirmed this Court's

finding that Bland Farms' employees were not exempt from the FLSA's overtime rules but vacated and remanded this Court's award of liquidated damages. The Court of Appeals ruled that this Court should have considered both Bland Farms' belief that it was in compliance with the FLSA based on the DOL's initial guidance and Bland Farms' separate belief that it was in compliance with FLSA because of its control over the farmers who grew the onions handled in the packing shed.

Upon the foregoing, **IT IS HEREBY ORDERED** that the mandate of the United States Court of Appeals for the Eleventh Circuit is made the judgment of this Court. In accordance therewith, the Court hereby **VACATES** the portions of its prior Orders (docs. 109, 119, 120) awarding liquidated damages. The Court's analysis of Bland Farms' two good faith belief arguments is set forth below.

29 U.S.C. § 216(b) requires courts to award liquidated damages against employers who violate 29 U.S.C. § 207, as Bland Farms did here. See Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1566-67 (11th Cir. 1991) (citing EEOC v. First Citizens Bank, 758 F.2d 397, 403 (9th Cir. 1985)). However, if the employer shows that it acted in good faith and had reasonable grounds for believing it was not violating the FLSA, the court has discretion to reduce the amount of liquidated damages or award none at all. 29 U.S.C. § 260. "The employer bears the burden of proof on this issue." Quarles v. Hamler, 652 F. App'x 792, 794 (11th Cir. 2016).

2

The issue of good faith and reasonable belief contains two distinct parts: a subjective and an objective component. Dybach, 942 F.2d at 1566. The subjective component asks whether the employer honestly tried to ascertain what the FLSA requires and to act in compliance with the requirements. The objective component asks whether the employer reasonably believed it complied with the FLSA. The employer must establish both to succeed with a Section 260 defense. See Miller v. Garibaldi's Inc., No. CV 414-007, 2018 WL 1567856, at *5 (S.D. Ga. Mar. 30, 2018) (citing Davila v. Menendez, 717 F.3d 1179, 1186 (11th Cir. 2013); Dybach, 942 F.2d at 1566).

Bland Farms asserts two grounds in support of its good faith and reasonable belief argument. First, it argues that it relied on the DOL's letter. Second, it argues that it reasonably believed it complied with the FLSA because of the control it exercised over the contract farmers who grew the onions the packing-shed employees handled.

As to the first argument, this Court earlier found that Bland Farms acted in good faith and with reasonable belief that it complied with the FLSA when it relied on the guidance letter from the DOL, at least until the DOL filed the instant suit. (Doc. 109, at 19-21.) At that point, Bland Farms' reliance on the letter for assurance that it was in compliance with the FLSA was no longer reasonable. (Id. at 20.) This Court noted that Bland Farms continued to believe that it complied with the FLSA throughout the litigation. While this

3

belief might satisfy the subjective component, it could not satisfy the objective component. Bland Farms should have known that the DOL no longer agreed with the guidance in its 1985 letter, and continued reliance thereon would not be objectively reasonable. This Court awarded liquidated damages in an amount representing the period that Bland Farms did not pay overtime after the suit was filed because that was the time that Bland Farms could no longer satisfy both the objective and subjective components as required by 29 U.S.C. § 260 and Dybach.

The Court finds that the above rationale applies consonantly to Bland Farms' second argument. Even assuming that Bland Farms acted with subjective good faith and reasonable belief that it was in compliance with the FLSA because it thought it was the farmer of the onions, it could not satisfy the objective component without further inquiry into the issue once the DOL instituted this action.

"Objective good faith means the employer had reasonable grounds for believing its conduct comported with the FLSA." Friedman v. S. Fla. Psychiatric Assocs., Inc., 139 F. App'x 183, 186 (11th Cir. 2005). Again, once the DOL filed suit alleging that Bland Farms was not properly paying overtime to its packing-shed workers, Bland Farms could no longer reasonably believe that it was acting in compliance with the FLSA without any renewed investigation into the matter. One court has so found. In Johnson v. Big Lots Stores, Inc., 604 F. Supp. 2d 903, 926 (E.D. La. 2009), the court found that the defendant

had not demonstrated its good faith in classifying the plaintiff as an exempt employee. The court found that a lawsuit filed in another district against the defendant put it "on notice" that its classification of its employees may be incorrect. Id. The Johnson defendant's failure to investigate the accuracy of its classification once on notice convinced the court that exempting the defendant from liquidated damages was inappropriate. Id.; Cf. Meeks v. Pasco Cty. Sheriff, 688 F. App'x 714, 718 (11th Cir. 2017) (no good faith when "[defendant] (1) was aware that the [DOL] was investigating [the] compensation practice and (2) was familiar with a decision from [the Eleventh Circuit] that called into question the legality of the practice.").

Applying the same reasoning to this case, Bland Farms was on notice that its policy regarding its packing shed employees could be incorrect and it should have at least reexamined the policy once the DOL filed suit. There is nothing in the record to indicate that it did so. Accordingly, the Court cannot find that Bland Farms acted in good faith for the period following the initiation of the suit. As to the period before suit was filed, the Court has already found that Bland Farms acted with subjective and objective good faith and reasonable belief in its reliance on the 1985 letter, therefore the Court need not consider these components with respect to Bland Farms' independent belief that it complied with the FLSA.

In review, the Court reiterates its findings and conclusions with respect to Bland Farms' argument that it acted in good faith and with reasonable belief in its reliance of the DOL's 1985 letter. As to Bland Farms' argument that it had a separate basis for believing it complied with FLSA, the Court finds that regardless of what that basis was, without reexamination thereof Bland Farms could not have reasonably relied in objective good faith on that basis once the DOL filed the instant suit alleging that the packing-shed employees should be paid overtime. Because Bland Farms did satisfy the objective and subjective components leading up to the start of this lawsuit, the Court exercises its discretion and awards no liquidated damages for the period before the suit. Given the nature of the claims in the suit, once it was filed, Bland Farms was aware that its overtime policies could be incorrect. At that point, Bland Farms could no longer justify its non-payment of overtime, be it in reliance on the 1985 letter or some other interpretation of the FLSA it had formed prior to the notice.

Finally, even if Bland Farms had demonstrated its good faith under Section 260, it would be within the Court's discretion to award liquidated damages. See Quarles, 652 F. App'x at 795 ("Even if [defendant] had proved he acted in good faith, the court still would have been within its discretion to award liquidated damages."). Therefore, the Court awards liquidated damages in the amounts listed below, representing the period in which Bland Farms did not satisfy

the objective component of 29 U.S.C. § 260 following the institution of this suit.

In light of the above findings and conclusions, the amount of liquidated damages awarded to Plaintiff should not change. Therefore, the Court **ORDERS** as follows:

1. The Clerk is instructed to **ENTER JUDGMENT** in favor of Plaintiff and against Defendant Bland Farms in the amount of $1,480,268.55, which represents the back wages and liquidated damages owed for the 2012, 2013, 2014, 2015, 2016, and 2017 Vidalia onion seasons.[1]

2. This case shall remain closed.

**ORDER ENTERED** at Augusta, Georgia this 21ST day of November, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] This figure consists of: (i) back wages totaling $552,070.86 for the 2012, 2013, and 2014 seasons; (ii) liquidated damages totaling $94,888.69 for the 2012, 2013, and 2014 seasons; (iii) back wages totaling $148,438.86 for the 2015 season; (iv) liquidated damages totaling $148,438.86 for the 2015 season; (v) back wages totaling $167,771.47 for the 2016 season; (vi) liquidated damages totaling $167,771.47 for the 2016 season; (vii) back wages totaling $100,444.17 for the 2017 season; and (viii) liquidated damages totaling $100,444.17 for the 2017 season.